JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Universal Pharmacy Services, LLC d/b/a Apovia Pharmacy Services

### DEFENDANTS
Frontera Healthcare Network

**(b)** County of Residence of First Listed Plaintiff: **Delaware County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Concho County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FBT Gibbons LLP - Alan R. Gries / Evan H. Holland
One Logan Square, 130 N. 18th Street, Suite 1210,
Philadelphia, PA 19103  (215) 665-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $483,952.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

**DATE**: January 12, 2026

**SIGNATURE OF ATTORNEY OF RECORD**: /s/ Alan R. Gries, Esquire

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __313 Henderson Drive, Sharon Hill, PA 19079_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL PHARMACY SERVICES, LLC d/b/a APOVIA PHARMACY SERVICES,<br><br>        Plaintiff,<br><br>v.<br><br>FRONTERA HEALTHCARE NETWORK,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Universal Pharmacy Services, LLC (d/b/a Apovia Pharmacy Services) ("Plaintiff"), by and through its undersigned counsel, states its causes of action against Defendant Frontera Healthcare Network ("Defendant") as follows:

## NATURE OF THE ACTION

1. This breach of contract action arises from Defendant's improper early termination of an agreement pursuant to which Plaintiff was to provide management services to Defendant's pharmacies. In particular, Plaintiff agreed to manage Defendant's pharmacies' participation in the 340B Drug Program, a federal prescription drug discount plan, for a three-year term concluding on September 15, 2026.

2. Despite the parties' clear contractual requirements for terminating and noticing termination of the contract, Defendant purported to improperly terminate the agreement effective May 28, 2025. Defendant has since refused to pay the management fees owed for the remainder of the three-year term.

3. This action seeks damages consisting of the remaining fees owed under the agreement through September 15, 2026, as well as Plaintiff's attorneys' fees and costs in litigating this dispute.

## PARTIES

4. Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business located at 313 Henderson Drive, Sharon Hill, PA 19079.

5. Defendant is a federally qualified health center organized under the laws of the State of Texas with its principal place of business located at 604 Eaker Street, Eden, TX 76837.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. The Court has personal jurisdiction over Defendant pursuant to the Pharmacy Management Services Agreement executed between Plaintiff and Defendant dated September 15, 2023. Under that agreement, Plaintiff and Defendant agreed that:

> Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of the federal and state courts in the Commonwealth of Pennsylvania with respect to any and all disputes arising out of or based on this Agreement.

8. Venue is proper in this District pursuant to the Pharmacy Management Services Agreement executed between Plaintiff and Defendant dated September 15, 2023. Under that agreement, Plaintiff and Defendant agreed that:

> If the claim or dispute cannot be resolved through informal discussions, the claimant may bring a legal action to adjudicate its claim or to enforce or interpret any part of this Agreement in the courts described below … Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of the federal and state courts in the Commonwealth of Pennsylvania with respect to any and all disputes arising out of or based on this Agreement.

## STATEMENT OF FACTS

### Relevant Agreements

9. Plaintiff and Defendant, on behalf of itself and all of its clinic locations, entered into a Pharmacy Management Services Agreement, dated September 15, 2023 (the "PM Agreement"). A copy of the PM Agreement is attached hereto as **Exhibit 1**.

10. Pursuant to the PM Agreement, Plaintiff was engaged to provide management services to Defendant's pharmacies, including by (1) assisting Defendant with pharmacy design and (2) managing Defendant's 340B Drug Program.[1] *See* Exhibit 1, PM Agreement, Exhibit A.

11. As it relates to Defendant's 340B Drug Program, Plaintiff was responsible for drug purchasing, patient eligibility determinations, and inventory management. *Id.*, § 2.

12. Plaintiff was also responsible for staffing Defendant's pharmacies, including hiring employees, managing employee payroll, and ensuring that pharmacy staff obtained required licenses and/or certifications. *Id.*, § 2(a).

13. As compensation, Plaintiff was to be paid a monthly management fee, made up of a dispense fee for each prescription dispensed at Defendant's pharmacies and a staffing fee for the cost of staffing Defendant's pharmacies. *See* Exhibit 1, PM Agreement, Exhibit B.

14. The PM Agreement required Plaintiff to invoice Defendant for the monthly management fees on or about the fifteenth day of each month and Defendant was then required to pay the fee on or about the thirtieth day of the month. *Id.*, § 3.

---

[1] The 340B Drug Program is a federal prescription drug discount plan established by Congress in 1992 and administered by HHS. *See* Veterans Health Care Act of 1992, Pub. L. No. 102-585, § 602, 106 Stat. 4943, 4967-71 (codified as amended at 42 U.S.C. § 256b). Under the program, qualifying healthcare organizations, known as "covered entities," are eligible to receive pharmaceuticals from manufacturers at a discounted price if they serve certain vulnerable patient populations.

15. In August 2024, Plaintiff and Defendant entered into an Amendment to the PM Agreement (the "PMSA Amendment"). A copy of the PMSA Amendment is attached hereto as **Exhibit 2**.

16. The PMSA Amendment added a provision to the pricing structure set forth in Exhibit B to the PM Agreement that from July 1, 2024, to June 30, 2025, Defendant would pay Plaintiff a dispense fee of $20,000 per month. *See* Exhibit 2, PMSA Amendment, § 2.a.

17. The PM Agreement had an initial term of three years, concluding on September 15, 2026. *See* Exhibit 1, PM Agreement, § 6.a.

18. The PM Agreement was set to automatically renew for an additional three-year term unless terminated in accordance with its terms and conditions or if either party provided written notice of non-renewal at least 120 calendar days prior to the expiration of the then-current term. *Id*.

19. Either party could terminate the PM Agreement without cause by providing written notice of at least 180 calendar days prior to the date of termination. *Id*., § 6.c.

20. The PM Agreement could also be terminated based on fraud, negligence, or a material breach of the PM Agreement's terms. *Id*., § 6.e.

21. A party seeking to terminate based on a material breach must provide the breaching party notice of the purported breach and 30 days to cure. *Id*.

22. Defendant agreed to indemnify and hold harmless Plaintiff for "all losses, liabilities, demands, claims, actions or causes of action, regulatory, legislative or judicial proceedings or investigations, assessments, levies, fines, penalties, damages, costs and expenses (including reasonable attorneys', accountants', investigators' and experts' fees and expenses)"

incurred by Plaintiff "arising from or related to" the obligations and responsibilities of Defendant under the PM Agreement. *Id*., § 8.a.

### Plaintiff's Performance under the PM Agreement

23. From the effective date of the PM Agreement on September 15, 2023, through June 2025, Plaintiff provided a full suite of management services in accordance with its contractual obligations.

24. Plaintiff managed Defendant's 340B Drug Program purchasing, including determining patient eligibility and qualification and managing Frontera's inventory of pharmaceuticals.

25. Plaintiff provided both on-site pharmacy staffing and off-site administrative personnel for billing, collection, preparing financial statements, and obtaining preauthorization.

26. Plaintiff provided Defendant access to Plaintiff's proprietary technological solutions that created efficiencies related to prescription dispensing, inventory management, point of sale verification, and online medication refills.

27. Plaintiff provided pharmacy design assistance to aid Defendant's pharmacy operations.

28. Plaintiff assisted Defendant in contracting with third-party payors.

29. Plaintiff managed Defendant's site permits and registrations and ensured that they remained current and in good standing.

30. Plaintiff assisted Defendant with transitioning to a wholesaler vendor from which it could obtain more advantageous pricing of pharmaceuticals.

31. During the term of the PM Agreement, a third-party retail pharmacy near Defendant closed. As a result, Defendant began to fill a significantly higher proportion of prescriptions at

retail price, which produces a lower profit margin than filling prescriptions at a discounted 340B price. Although not required under the PM Agreement, Plaintiff agreed in good faith to institute a voluntary, temporary cap on its pharmacy management fee to help alleviate Defendant's deflated revenues based on filling more prescriptions at retail price. By doing so, Plaintiff sacrificed its own profitability to assist Defendant during a challenging period.

### Improper Termination of the PM Agreement

32. On April 29, 2025, Defendant sent Plaintiff a letter purporting to terminate the PM Agreement, for cause, as of May 29, 2025. A copy of that letter is attached hereto as **Exhibit 3**.

33. Defendant did not identify any specific material contractual breach by Plaintiff or provide a cure period as required by the PM Agreement.

34. Defendant stated only that "I am following up to provide formal notice to sever our relationship … Please find this letter as a 30-day notice indicating that we will no longer require [Plaintiff's] Management Services beginning Thursday, May 29."

35. Plaintiff responded via letter on June 2, 2025, inquiring whether Defendant's letter was intended to provide notice that it would not renew the PM Agreement beyond its term ending on September 15, 2026.

36. Defendant's outside legal counsel responded via letter on July 3, 2025, stating that Defendant "is terminating all contracts with [Plaintiff]" but again failing to identify any specific material breach by Plaintiff.

37. Starting in at least June 2025, Defendant prohibited Plaintiff from accessing its pharmacies and demanded that Plaintiff's employees refrain from contacting Defendant's employees or providing any services to Defendant's pharmacy.

38. Section 3(c) of the PM Agreement requires Defendant to provide Plaintiff with reasonable access to its pharmacy, including information, instruments, and documents relating to the provision of Management Services under that Agreement.

39. Defendant refuses to pay the fees owed through the end of the PM Agreement's current term.

40. The total amount due from Defendant to Plaintiff under the PM Agreement through September 15, 2026, is $472,752.00. Including accrued employee costs of $11,200.00, the total amount due is $483,952.00.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

41. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

42. Plaintiff and Defendant entered into the PM Agreement for a three-year term concluding on September 15, 2026.

43. Pursuant to the PM Agreement, Plaintiff agreed to provide certain management services for Defendant's pharmacies.

44. Plaintiff provided those services until Defendant improperly terminated the PM Agreement and prohibited Plaintiff from providing any further services to Defendant's pharmacies.

45. Defendant breached the PM Agreement by improperly terminating the agreement and by refusing to pay management fees owed through the remainder of the agreement's three-year term.

46. Plaintiff has sustained damages stemming from Defendant's breach by providing the management services required under the PM Agreement without receiving compensation for the full term.

47. Plaintiff has suffered losses of at least $483,952.00, excluding attorneys' fees, costs, and expenses.

### ATTORNEYS' FEES AND EXPENSES

48. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

49. Defendant's breach of the PM Agreement made it necessary for Plaintiff to initiate this litigation.

50. Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to Section 8.a. of the PM Agreement, which requires Defendant to reimburse Plaintiff for its expenses, including reasonable attorneys' fees, arising from or related to the obligations and responsibilities of Defendant under the PM Agreement.

**WHEREFORE**, Plaintiff Universal Pharmacy Services, LLC (d/b/a Apovia Pharmacy Services) respectfully requests this Court to:

1. Award Plaintiff its contractual management fees owed in the amount of $483,952.00;

2. Award Plaintiff its attorneys' fees, costs, and expenses incurred because of Defendant's breach of contract; and

3. Award Plaintiff such other and further relief, both general and specific, to which the Court might find Plaintiff is entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff Universal Pharmacy Services, LLC (d/b/a Apovia Pharmacy Services) demands a trial by jury as to all issues presented in the Complaint and all other pleadings in this case.

Respectfully submitted,

Dated: January 12, 2026   **UNIVERSAL PHARMACY SERVICES, LLC (d/b/a APOVIA PHARMACY SERVICES)**

By:   */s/ Alan R. Gries*
Alan R. Gries, Esquire
Evan H. Holland, Esquire
FBT GIBBONS LLP
One Logan Square
130 N. 18th Street, Suite 1210
Philadelphia, PA  19103-2757
(215) 665-0400
agries@fbtgibbons.com
eholland@fbtgibbons.com

Taylor Chenery (*pro hac vice forthcoming*)
BASS, BERRY & SUMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-7924
tchenery@bassberry.com

*Counsel for Plaintiff Universal Pharmacy Services, LLC (d/b/a Apovia Pharmacy Services)*